ANTHONY REYBOLD v. GEORGE A. PARKER, et al.

*Joint Contract—Absent Defendant—Statute of Limitations.*

The contract not in writing being joint and not joint and several, the cause of action was joint and not joint and several and all the parties liable must be declared against jointly.

The plaintiff, having brought suit against all the persons liable on a joint contract, part only them having been served with process and a return of *non est* as to the others, may declare against those upon whom process has been served and recover judgment against them only. By such judgment the plaintiff's cause of action against the other joint contractors will be merged and forever barred.

In an action against several joint contractors, one of the defendants having been absent from the State at the time of the accruing of the cause of action, will prevent the Statute of Limitations from running in favor of the co-defendants, remaining within the State, until his return into the State in such manner that, by reasonable diligence, he may be served with process.

*(June 27, 1887.)*

ERROR to the Superior Court, New Castle County.

This was an *action of *assumpsit* in the Superior Court for New Castle county, to the November Term, 1875, at the suit of Anthony Reybold *v.* George A. Parker, Samuel M. Felton, Samuel Harlan, Jr., and Jesse Lane. The summons was issued November 9, 1875, and was returned "Summoned personally, November 22, 1875." All of the said defendants appeared by their attorneys.

The amended declaration, filed August 1, 1882, suggests that since the issuing of the summons in this cause the said defendant Lane had died, and complains against the surviving defendants, Parker, Felton and Harlan. The declaration contains only the common counts, and is upon joint promises by the original four defendants.

The said surviving defendants plead *non assumpsit*, payment, set-off, and act of limitations. Issue was joined on all of said pleas except the fourth—the statute of limitations—as to which the plaintiff filed a special replication in substance as follows: That the causes of action in the declaration mentioned accrued against the said (surviving) defendants and the said Lane, now deceased, jointly; that the said defendant, Parker, before and at the time when the causes of action in the declaration mentioned accrued, was

---

* For decision in Court below, see 6 Houston, 544.

out of this State, and that he afterwards, to wit, on January 1, 1875, came into this State, which said coming was his first coming into this State after the accruing of said causes of action in such manner that by reasonable diligence he could have been served with process—and that the plaintiff commenced his said action against the said defendants within three years after the said Parker's said coming into this State.

To this replication the defendants demurred, assigning the following causes of demurrer:

" 1. That the said replication sets forth that one only of the said co-defendants was absent and out of the State at and before the accruing of the said causes of action to the said plaintiff, which fact, if true, would not bring the plaintiff in the case within the saving of the statute of limitations in such case made and provided.

" 2. That the said replication and the facts therein stated only relate to one of the said co-defendants, and state no sufficient reason why the statute of limitations has not barred the said action as to the other defendants.

" And also that the said replication is in other respects uncertain, informal, and insufficient, etc."

Thereupon the plaintiff filed his joinder in demurrer.

On September 24, 1883, the plaintiff suggested upon the record the death of the said defendant Harlan, and that he prosecutes his said action against the said Parker and Felton, the surviving defendants.

On the same day, after hearing, judgment on the said demurrer was rendered against the said plaintiff as follows: That the said replication of the plaintiff and the matters therein contained are not sufficient in law for the said plaintiff to have and maintain his aforesaid action against the said defendants, etc.

For the reversal of said judgment this writ of error was taken by the plaintiff, against the said surviving defendants, Parker and Felton.

The plaintiff filed the following Assignments of Error and prayer for reversal.

" 1. That the Court below erred in deciding that the replication of the plaintiff, stated in the record to have been pleaded to the fourth plea of the defendants and the matters therein contained,

were not sufficient, for the said plaintff to have and maintain his said action thereof against the said defendants, and that, therefore, the said plaintiff should take nothing by his writ'; whereas on the contrary thereof this plaintiff insists that the said replication and matters therein contained were sufficient in law in that behalf, and that the judgment of the Court below should have been for the plaintiff.

" 2. That the Court below erred in sustaining the demurrer of the defendants to the replication of the plaintiff to the said fourth plea of the defendants, and in rendering judgment thereon for the defendants, whereas this plaintiff insists that the said demurrer of the defendants should have been overruled, and that judgment thereon should have been rendered for the plaintiff.

" 3. That the judgment of the Court below on the said demurrer should have been for the plaintiff and not for the defendants. Wherefore the said plaintiff prays that the judgment of the Court below may be reversed."

*Edward G. Bradford* and *Nathaniel B. Smithers*, for the plaintiff.

The question is whether, in a suit against several joint debtors, where more than the statutory period of limitation has elapsed between the accruing of the cause of action and the bringing of suit, but where one of such debtors was out of the State when the cause of action accrued, and did not come into the State until within the statutory period next before the bringing of suit, the plaintiff, notwithstanding a joint plea of the statute, is not entitled to recover judgment against all the debtors sued.

Its proper solution depends upon the construction to be given to our statute in that behalf

" No action of assumpsit   *   *   *   shall be brought after the expiration of three years from the accruing of the cause of such action."—*Del. Rev. Code*, 728, Sec. 6.

" If at the time when a cause of action accrues against any person, he shall be out of the State, the action may be commenced within the time herein limited therefor, after such person shall come into the State, in such manner that, by reasonable diligence, he may be served with process."—*Del. Rev. Code*, 730, Sec. 14.

Upon due consideration, it will be found :

(1) That the express terms of the statute support the position of the plaintiff.

(2) That the reason of the case is on his side.

(3.) That the authorities are overwhelmingly in his favor.

The statute provides that "if at the time when a *cause of action* accrues against *any person*, he shall be out of the State, THE ACTION may be commenced," etc.

A cause of action that accrues against several persons *jointly* accrues against *each* of them.

A cause of action that has accrued against *A and B*, can with perfect legal propriety be said to have accrued against *B*.

If a plaintiff in an action on a promissory note declare against *A, B* and *C*, and at the trial produce a note executed by only *A* and *B*, he will be *nonsuited*.

But, if a plaintiff, in a similar action, declare against *A* and *B*, and at the trial produce a note executed by *A, B* and *C*, he will be entitled to recover.

In the first case, the plaintiff will fail, because there is a *variance;* which is "a disagreement in some particular point or point or points *between the allegation and the evidence.*"

> *Stephen on Pl.* 85.

In the latter case the plaintiff will succeed, because there is *no disagreement* between the allegation and the evidence.

Hence, in case of a *misjoinder* of parties defendant, the plaintiff will fail at the trial or on demurrer.

> 1 *Chitty on Pl.* 44.

But, in case of a *non joinder* of parties defendant, a plea in abatement must be interposed, or the plaintiff will recover.

> 1 *Chitty on Pl.* 46; *Andrews v. Allen, et. al.,* 4 Harr., 452; *Barry v. Foyles,* 1 Pet.* 311; *Wright v. Hunter,* 1 East. 20; *Rees v. Abbott,* Cowper, 832; *Mountstephen v. Brooke,* 1 B. & Ald*., 224; *Richards v. Heather,* 1 B. & Ald.,* 29; *Rice v. Shute,* 5 Burrow, 2611, 2 Wm. Blackst, 695; *Abbott v. Smith,* 2 Wm. Blackst,* 947; *Cabell v. Vaughn,* 1 Wm. Saunders, 291.

A suit against several joint debtors, one of whom has come into the State within the statutory period next before suit brought

is embraced within the saving of the statute, when its express terms are considered in their proper legal sense.

The statutory saving, *construed literally and sensibly*, prevents the running of the statute in favor of any of several joint debtors, so long as one of them, who was out of the State, when the cause of accrued remains out of the State.

The statute provides that, within the statutory period after his coming into the State, " THE ACTION may be commenced."

The statute, at least in terms, nowhere limits the plaintiff to *an action* against the *joint debtor so coming into the State.*

The statute gives the plaintiff the right to commence THE ACTION.

Now, the *cause of action*, in the case discussed, is against *all the debtors jointly.*

When, therefore, the statute provides that "*the action* may be commenced," its language clearly points to the commencement of an action *against all the debtors jointly.*

Otherwise, without any words to warrant it, the word *action* as first occurring would possess a different significance from that of the same word as subsequently occurring in the same clause of the same sentence.

There is only one cause of action mentioned in the section ; there is only one action mentioned there.

But it is only reasonable that courts of justice, in dealing with such a law, should, in a legitimate mode, gather its *general intention and controlling purpose*, and presume that the legislature intended that the law, in its application to special cases, which *may not* actually have been present to the mind of the legislature at the time of its enactment, should, so far as its language will fairly permit, be so construed as to *carry into effect and not defeat*, such intention and purpose.

The *general intention* and *controlling purpose* of the statutory saving in question was that the plaintiff should not be barred by the statutory limitation, where, owing to absence from the State *on the other side*, he cannot have *the benefit and the full benefit* of his action.

The plaintiff should not be damnified by the statutory limi-

tation in case of such absence, *whether the only debtor, or all the debtors, or any one or more of the debtors should be so absent.*

The plaintiff should have his *full right* of action.

" The action " might be commenced upon the " cause of action ;" whether that cause accrued against only one debtor, or several jointly.

The statute of limitations is for the protection of the defendant, for he can waive its benefit.

The statutory saving is for the protection of the plaintiff, and is intended, *not* for his *partial*, but for his full protection.

In *Burton v. Waples*, 3 Harr. 75, it was held that the plea of the statute is not a defence going to the real merits, such as will be favored in granting leave to amend pleadings.

The policy of the statute is *not* to *defeat* the plaintiff in whole or in part, with respect to his action *until after* a period has elapsed, during which he has had *full power* to *fully* enforce his rights of action.

The statutes of limitation serve to EXEMPT the defendant from liability *only* after the plaintiff has had during a certain period *full* power of enforcing that liability.

If *public policy* will permit, as it unquestionably will, an action to be maintained against the joint debtor so coming into the State, it will equally permit the action to be maintained as against all. It was the intention of the legislature that the plaintiff should have the statutory period for the enforcement of his *full right* of action, and that, in a case like the present he should have that right after the joint debtor, who was absent, comes within the State.

If the demurrer in this case can be sustained, it must be because:

(1) The case of joint debtors, one of whom is out of the State, is not within the statutory saving: or

(2) The statutory saving was intended to preserve the action only against the joint debtor coming into the State.

The result of such a construction would be to compel a plaintiff, within the period of limitation, to bring his action against *all* the joint debtors, have a return of *non est inventus* as to the absent joint debtor, and take judgment against the others.

The pecuniary ability and character of the absent joint debtor

might have have been the sole inducement which led the plaintiff to trust and contract with them jointly. He might thus be left with a judgment against worthless debtors as the only means of satisfying his claim. Such a result is plainly forbidden by the policy of the statutes of limitation, which intend that no plaintiff, who has a claim against several joint debtors shall be barred until after the lapse of a certain period, during which he can, through suit, enforce that claim against all of them.

The plaintiff, although having a claim against several debtors *jointly*, would have to *choose* between waiting for the coming of the absent joint debtor, and then bringing suit, after the statutory period had run out in favor of the resident joint debtors, on the one hand, and, on the other, suing within the statutory period and recovering judgment against the resident joint debtors.

If he should adopt the latter alternative, he would have to bring suit against *all* the joint debtors, have a return of *non est* as to the absent joint debtor, and take judgment, *perhaps a worthless judgment*, against the others. After his recovery of such judgment, his remedy against the absent joint debtor, even upon his coming into the State, would be gone. For a judgment recovered against *one* of several *joint* debtors is a *bar* to an action against the others.

*King v. Hoare*, 13 M. & W., *494 ; *Robertson v. Smith*, 18 Johns, *459 ; *Ward v. Johnson*, 13 Mass., 148 ; *Gibbs v. Bryant*, 1 Pick., 118 ; *Trafton v. United States*, 3 Story, 646 ; *Mason v. Eldred et. al.*, 6 Wall., 231 ; *Addison on Contracts*, *1197 ; *Smith et. al. v. Black*, 9 Serg. & R., 142.

But suppose the plaintiff should adopt the former of the two alternatives, and bring suit after the absent joint debtor comes into the State, and after the statutory period has completely run in favor of the resident joint debtors. In such case he would have to bring suit, *either* against the newly arrived joint debtor *alone*, or against *all* the joint debtors. But if he brought suit only against *the newly arrived joint debtor* he would be met with a plea in abatement for the *non joinder* of the other joint debtors, and would be defeated. For the other joint debtors might, if joined in the suit, *waive* the benefit of the statutory bar, and, should they omit to plead the statute, would waive it.

*State, use of Parker v. Whitaker*, 4 Harr. 527.

The undertaking of co-promisors then, is a liability or under= taking, which in its very nature continues so long as the original liability continues on the part of any one, for the payment of the debt; for so long as the liability of any one continues, he may be compelled to pay, and when he pays he is entitled to recover con- tribution."

*Peaslee v. Breed*, 10 N. H., 489; *Boardman v. Paige*, 11 N. H., 431.

After a return of *non est inventus* as to one joint debtor, the plaintiff will be compelled to proceed with due diligence against the others. And, as has already appeared, by recovering judgment against them, he will be barred as to the absent joint debtor.

Under the statute of Anne, if a right of action accrue against several persons jointly, one of whom is beyond seas, the statute of limitations does not run till his return, though the others have never been absent from the kingdom. *Fannin v. Anderson*, 7 Ad. & Ell. N. S., *811; *Towns v. Mead*, 16 Com. B., *123.

But the law in England, as settled by the above decisions, has been changed by statutory enactment.

The statute of Victoria furnishes a clear recognition and prac- tical illustration of the broad policy of the statutes of limitation, that a plaintiff, having a claim against two or more debtors, shall have *a certain period* within which to enforce the liability of each and all of them.

The decisions reached in *Fannin v. Anderson* and *Towns v. Mead*, at a time when the recovery of judgment against the resi- dent joint debtors would destroy the plaintiffs right of action as against the absent joint debtor, were not only in harmony with, but required by the sound legislative policy which is to be gathered from the provisions of the statute of Victoria.

But in Delaware, as in England at the time *Fannin v. Ander- son* and *Towns v. Mead* were decided, there is no statute similar to that of Victoria. These English cases are, therefore, high author- ity in favor of the plaintiff's position. They, of course, are not *per se* conclusive, but they are entitled to great weight before this Court. They were *unanimous* decisions by judges of eminent ability.

The return of one of two joint debtors into the State, after the right of action had accrued against both, and his subsequent death, would not bar an action against the survivor, who did not come into the State until within six years next before the bringing of suit against him.

*Didier v. Davidson*, 2 Barb. Ch., 477.

And after a full argument, and taking time for consideration the Court decided that where one of the joint debtors was out of the realm when the cause of action accrued, although the others were within the jurisdiction of the Court at that time, he could not set up the statute of limitations as a bar; where the suit was commenced within six years after his return from abroad. And such I have no doubt is the reasonable and proper construction of our statute on that subject.

With respect to *Didier v. Davidson*, it is material to observe.

(1) That the Chancellor had arrived at "a very strong and decided opinion" in favor of the construction contended for by the plaintiff in this case before *Fannin v. Anderson* had been decided. *Didier v. Davidson* and *Fannin v. Anderson* were therefore, two concurrent, but wholly independent, decisions by able Courts upon similar statutory enactments.

(2) That the Chancellor does not anywhere intimate that the construction he gave to the statutory saving violated *either its terms or its policy*.

The absence of one joint debtor from the State suspended the running of the statute of limitations as to him, although his co-debtor had remained within the State.

*Denny v. Smith*, 18 N. Y., 567; *Cutler v. Wright*, 22 N. Y., 472; *Town v. Washburn et al.*, 14 Minn., 268.

Examination of the cases relied upon by the counsel for the defendants clearly shows.

(1) That these decisions rested mainly upon the existence of statutory enactments, by which the recovery of judgment against the resident joint debtor would not bar the plaintiff's remedy against the absent joint debtor.

(2) That both *Brown v. Delafield* and *Bruce et al. v. Flagg et al.*, recognize that a plaintiff should have full remedy against all

of several joint debtors, notwithstanding the non-residence of some of them.

It is true that, in the American cases in favor of the plaintiff, the ruling was limited in extent to the necessities of the decision upon the existing facts of those cases, and merely *decided* that the plaintiff's right of action was preserved as against the absent joint debtor, although the period of limitation had expired after the accruing of the cause of action.

But these cases recognize that it was the manifest intention of the leglislature in enacting the statutory saving that *every one of several joint debtors should be liable to civil process during a certain period.*

And there can no reason to doubt that, in the absence of any statute permitting the recovery of judgment against the absent joint debtors after a former judgment recovered against the resident joint debtors, the Courts in New York and Minnesota would in a case like the present enforce to its full extent the doctrine of the English cases, and hold that the plaintiff's action was preserved as against *all* the joint debtors during the period of limitation after the return of the absent joint debtor.

If the terms of the statutory saving require that the action shall be preserved as against the absent joint debtor, they at least equally require that the action should be preserved as against all of the joint debtors.

*George Gray* and *W. C. Spruance,* for defendants.

The defendants plead " *In nullo est erratum.*"

As appears by the pleadings the causes of action in this suit are joint, and not joint and several, and the question now presented to the Court is whether the act of limitations begins to run against a joint contract until a co-contractor, who was out of the State when the cause of action accrued, comes into the State in such manner that by reasonable diligence he may be served with process. The provisions of our statutes of limitations bearing upon the subject are as follows :

" No action of assumpsit    *    *    *    shall be brought after the expiration of three years from the accruing of the cause of such action," etc.

*Revised Code* (1852), 440, Sec. 6 ; *Revised Code* (1874), 728, Sec. 6.

"SECTION 14. If at the time when a cause of action accrues against any person, he shall be out of the State, the action may be commenced within the time herein limited therefor, after such person shall come into the State in such manner that, by reasonable diligence, he may be served with process ; and if after a cause of action shall have accrued against any person, he shall depart from and reside out of the State, the time of his absence until he shall have returned into the State in manner aforesaid, shall not be taken as any part of the time limited for the commencement of the action."

*R. C.* (1852), 441 ; *R. C.* (1874), 730.

The first general statute of limitations in England, was 21 James I., ch. 16 (1623.) It contained a saving of the rights of plaintiffs beyond seas when the cause of action accrued, § 7, but no saving as to absent defendants.

*Wood on Limitations*, 633.

This statute remained in force until the statute of 4 Anne., ch. 16 (1705) which contained a similar saving of the rights of plaintiffs beyond seas, § 18, and also the following saving as to absent defendants, § 19—" if *any person or persons, against whom* there is, or shall be, any such cause of suit or action for seamen's wages, or against whom there shall be any cause of action of trespass, detinue, action *sur trover*, or replevin, for taking away goods or cattle, or of action of account, or upon the case, or of debt grounded upon any lending or contract, without specialy, of debt for arrearages of rent, or assault, menace, battery, wounding and imprisonment, *or any of them,* be, or shall be, at the time of any such cause, or suit, or action given or accrued, fallen, or come, beyond the seas, then such person or persons, who is, or shall be entitled to any such suit, or action, shall be at liberty to bring the said actions against such *person or persons* after their return from beyond the seas, so as they take the same after their return from beyond the seas, within such times as are respectively limited for the bringing of the said actions, before by this Act and by the said other

Act made, in the one and twentieth of the reign of King James the First."

*Wood on Limitations*, 633.

Neither of these statutes was ever in force in this State, so far as is known.

Our first colonial act for the limitation of actions was that of 15 Geo. II (1741.) This act contains a saving of the rights of absent plaintiffs, and also the following saving clause as to absent defendants:

"SECTION 6. And if any person or persons, against whom any of the causes of action beforementioned do arise, shall, at the time of the cause of suit or action arising, or afterwards, before the time of bringing such actions be expired, be beyond seas, or go out of this government, then the person entitled to such suit, may bring an action after the return of such person, so as he bring the same within such time after the return as is before limited by this act."

*1 Delaware Laws*, 231.

The supplement to this act, passed April 12, 1773, retained the provisions saving the rights of absent plaintiffs, and re-enacted said Section 6 in the same language, excepting that the action was required to be brought " within three years after the return."

1 *Delaware Laws*, 527.

The additional supplement to said act, passed February 4, 1792, contains a saving of the rights of absent plaintiffs, and the following saving clause as to absent defendants:

" And if any person or persons, against whom any of the causes of actions hereinbefore mentioned do arise, shall at the time of the cause of suit or actions arising, or afterwards before the time of bringing such action or suit be expired, be beyond sea, or out of this State, then the person entitled to such suits may bring an action after the return of such persons, so as he bring the same within three years next after their return."

2 *Delaware Laws*, 1032.

The act of February 2, 1811, Sec. 22, after reciting the act of 1792 and sundry other former acts, saving from the operation of the statutes of limitations the rights of absent plaintiffs—and reciting that the courts of this State, and of the United States,

held in this State, are open to all persons equally, whether they reside in this State or out of it, and that the saving allowed to persons beyond sea or out of the State is injurious to the inhabitants of the State—repeals every provision of said recited acts which saves or gives to persons beyond sea or out of this State the right of bringing action for the time limited in said acts after their return from beyond sea or returning to or being in this State ; and expressly declares that all persons beyond sea or out of the State shall bring their actions within the same times as are limited in said recited acts for persons to whom no saving is given, and not after.

4 *Delaware Laws*, 457 to 460.

Our next act upon the subject was that of January 30, 1829, in which the saving clause as to absent defendants is as follows :

SECTION 9. *Provided*, That *when a cause of action arises in this State*, if the person liable to such action be not an inhabitant of this State at the accruing of such cause, or abscond or remove from this State before the expiration of the time allowed by this Act for bringing such action, the time during which such person shall have been out of this State, shall, in applying either of the limitations in this Act, be deducted, and in every such case at least one year from the return of such persons into this State, shall be allowed for bringing such action."

7 *Delaware Laws*, 269 ; *Hall's Digest*, 398.

This provision remained in force until its repeal by the Revised Code of 1852, which substitued Sec. 14, page 441, above recited.

Said Section 9 of the act of 1829 differed from all former acts in several important particulars : it contained no saving of the rights of absent plaintiffs ; it confined the saving as to defendants to cases where the " cause of action arises in this State," it substituted the words " not an inhabitant of this State " and "abscond or remove from this State," for the words " beyond seas " or " out of this government " or " out of this State," as used in former statutes.

The most important change was the omission of the words "or persons." All former acts had provided that "if any *person or persons*, against whom, etc."; but this act uses the strikingly limited language " if *the person* liable to such action," etc.

It is reasonable to conclude that this change was intended for a purpose, viz.: To confine the operation of the saving to the case of the absence of a single contractor in case there was but one, or the absence of one of them in case of a several contract, so far as affected his liability, or to the absence of all of the contractors in the case of a joint contract.

The language of Section 14 of Chapter 123 of the Code of 1852, which is now in force, is equally limited : " Any person "— " such person," are the terms of description used, and we submit they are as significant, and effect the same result as the similar terms in the Act of 1829.

While the word " person " should not be so strictly construed as to be confined to a sole contractor, and may be properly read " persons," when applied to several contractors, it would be doing violence to the language of the statute to interpolate after the word " person," the words " or persons or any of them," as must be done to reach the result claimed by the plaintiff.

Section 7 of the said Statute of James (passed in 1623) provided " That if *any person or persons* that is or shall be entitled to any such action of trespass, etc., be, or shall be at the time of any such cause of action given or accrued * * * beyond the seas, that then *such person or persons* shall be at liberty to bring the same action, so as they bring the same within such times as are before limited after their * * return from beyond seas," etc.

The first judicial construction of this section was in 1792, in the case of *Perry v. Jackson*, 4 Term, 516. The action was on a bill of exchange by the payees against the drawers. The defendants pleaded the statute of limitations. To which the plaintiffs replied that when the cause of action accrued one of them was beyond seas, and that he remained there continually from thence until 1787, and that their suit was brought within six years after his return.

*Lord Kenyon*, after quoting the above provision of the statute, says : " Now the words of this clause, grammatically speaking, do not apply to the present case ; they only extend to cases where the person individually—a single plaintiff, or persons in the plural, when there are several plaintiffs, are not in a situation to protect their interests. Neither does this case come within the policy of

the law, which provides that, if parties neglect their interests for such a length of time as six years, they shall lose the benefit of suing to enforce their demands. I am, therefore, clearly of the opinion, both on the words of the Act of Parliament, and on grounds of policy, that the plaintiffs are barred by the statute of James."

Ashhurst, J., concurs on both grounds. "The plaintiffs do not come within the words of the proviso. * * *  *and this statute having been always considered as a beneficial law for the public, we ought not to extend the exceptions in it to a case which does not require it.".*

A marked difference between the statute of Anne and the Delaware Statutes of limitations, is that none of the latter contain the words " or any of them."

The first judicial construction of Section 19 of the Statute of Anne (1705) saving the rights of plaintiffs as to absent defendants was in 1845—140 years after the passage of said act—in the case *Fannin v. Anderson*, 7 Q. B., 811 (53 Eng. C. L.)

*Lord Denman, C. J.*, delivering the judgment of the Court, held that the words " or any of them " in the statute of Anne refer to the actions and not to the persons, and that the action was not barred against the defendant.

In the present case the protection of the statute is asked, not merely by the defendant who was absent, but by the other defendants who, so far as appears, were always residents of this State and never absent therefrom.

The next and only subsequent case under this provision of the statute of Anne was *Towns v. Mead*, 16 C. B., 123 (81 Eng. C. L.) in 1855.

The defendant demurred to the replication to the plea of the statute of limitations.

In the argument for the plaintiff it was, among other things, contended that he was entitled to judgment upon the plain words of the statute; and that unless the words " or any of them " in the 19th Section of the Statute of Anne apply to the " person or persons," they have no application at all (page 131–2.)

The court overruled the demurred and gave judgment for the plaintiff.

The settled practice in this State in suits upon joint contracts against several defendants is to return *non est* as to the absent defendants, and declare and proceed to judgment against those who have been served with the process.

By our practice a judgment can thus be obtained against those of the contractors who are within the reach of process without delay and with little expense.

So far as appears from the pleadings, three of the four contractors in this case, viz.: Samuel Harlan, Jr., Jesse Lane and Samuel M. Felton, were in this State and subject to its process during the whole period of three years next after the accruing of the cause of action, and it was therefore in the power of the plaintiff, at any time within said three years, to have brought his suit against all four of said contractors, and (if he had a just demand) obtain judgment for his whole demand against the three named.

It is to be observed, as before stated, that these statutes are now universally recognized as highly beneficial, and as resting on principles of sound public policy, " and as not to be evaded except by methods provided therein."   *Wood on Limitations,* 5; *Blanchard on Limitations,* 3; *Wilkinson on Limitations,* 12, 13; so that there is no doctrine of construction applicable to these statutes, by which Courts will permit themselves to seek an avoidance of their prohibition, much less to disregard the plain terms in which the legislative will is expressed.

The saving of the 14th Section is as follows, " If, at the time when a cause of action accrues against any person, he shall be out of the State, the action may be commenced within the time herein limited therefor, after such person shall come into the State, etc."

The terms of the saving do not include the joint contractors *who are in the State,* and against whom this very cause of action has accrued.   They (the three original defendants in the case) were confessedly within, and " not out of," the State when the alleged cause of action accrued, and for the whole period of three years thereafter, and were therefore within the protection of 6th Section of the statute.

The language of the two sections taken together as they must be (the 6th and 14th), as certainly protects from an action of assumpsit, persons who are *not out of the State* when the action

accrues, as they save the action against those who *are* out of the State when it accrues, and it is submitted that it would be an entirely unreasonable, in fact judicial legislation of the plainest kind, to take away the protection of the statute in a case plainly covered by its words, in order to include in its saving a case that has been manifestly omitted by the law-making power. The counsel of the plaintiff, in his brief below, in effect admits that the framers of the saving clause did not have in mind the case of the absence of one of several joint contractors.

Here then, it is submitted, is a saving from the operation of the statute of limitations, made by the Legislature, which, in plain terms, subject to the *statutory* rule of construction above referred to, applies only to cases where the *sole* contractor, or if there be more than one and they are joint, *all* the contractors, are absent from the State.

No legislature has ever *in terms* made a law so monstrous as to provide that joint debtors or contractors living in the State, always ready to respond to their liability, should be deprived of the protection of the statute, and compelled to live all their lives with a liability to be sued by their next door neighbor impending over them while they see the testimony with which they could meet the demand disappearing year by year, but powerless to bring the contention of their adversary to the arbitrament of a legal tribunal, because one of their alleged joint debtors or contractors remains out of the State.

No court in this country or in England has ever in the case actually before it held *an always resident joint debtor* liable after the period of limitation had expired, by reason of the absence from the country of the other joint debtor.

*Didier v. Davidson*, 2 Barb., Ch. 447 ; *Brown v. Delafield*, 1 Denio, 445 ; *Denny v. Smith and Hull*, 18 New York, 567 ; *Bruce v. Flagg and Price*, 1 Dutcher, (N. J. L.), 219, (in 1855.) ; *Wood on Limitations*, 698.

The cases upon this point being few, there is naturally little to cite from text books. But it is significant as showing the inclination of the legal mind against the monstrous construction contended for by plaintiff's counsel in this case, that in the short paragraph

devoted by Wood, in his work on limitations, to this subject, he says :

"Where there are two or more joint debtors, one of whom is absent, the statute does not run in favor of the absent debtor, although it has run in favor of the others; nor, upon the other hand does the circumstance that one of the joint debtors is absent from the State prevent the statute from running in favor of the others."

*Wood on Limitations*, Secton 246.

SAULSBURY, CHANCELLOR:

Anthony Reybold caused a summons in an action of assumpsit to be issued against George A. Parker, Samuel M. Felton, Samuel Harlan, Jr., and Jesse Lane on the 9th day of November, 1875, which summons was returned, "Summoned personally, November 22, 1875."

All the defendants appeared by their attorneys.

The declaration was upon joint promises by the original four defendants.

Among the pleas pleaded, was the statute of limitations.

To this plea the plaintiff filed a replication as follows, "And the said plaintiff, as to the said plea of the Act of Limitations by the said defendants jointly above pleaded saith that the said plaintiff by reason of anything by the said defendants, in that plea alleged, ought to be barred from having and maintaining his aforesaid action thereof against the said defendants: because he saith that the several causes of action in the said declaration mentioned, accrued against the said defendants and the said Jesse Lane, now deceased, jointly: that the said defendant George A. Parker, before and at the time when the several causes of action in the said declaration mentioned, and each and every one of them accrued to the said plaintiff, was out of the State of Delaware, to wit: at a place unknown to the said plaintiff: and that the said defendant George A. Parker, afterward, to wit: on the first day of January in the year of our Lord one thousand eight hundred and seventy-five, came from without said State into said State; which said coming of the said defendant was his first coming from without said State into said State after the accruing of the said several causes of action, and each and every one of them, in such manner,

that by reasonable diligence the said defendant, George A. Parker, could have been served with process.

And the said plaintiff further saith, that the said plaintiff commenced his said action against the said defendants, within three years after the said defendant George A. Parker's said coming into said State, and this the said plaintiff is ready to verify. Wherefore he prays judgment," etc.

To this replication the defendants below demurred, and judgment in their favor on the demurrer, was rendered by the Court below.

The question therefore before us under this Writ of Error to the judgment thus rendered, is whether in a suit against several joint debtors, where more than the statutory period of limitations has elapsed between the accruing of the cause of action and the bringing of suit where one of such debtors was out of the State, when the cause of action accrued and did not come into the State until within the statutory period next before the bringing of suit, the plaintiff notwithstanding the joint plea of the statute is not entitled to recover judgment against all the debtors sued?

Can a plaintiff in a suit against all the joint debtors, recover judgment therein against all of them, there being four, notwithstanding three of them have never been out of the State, but always resident therein, and but one of them without the State, at the time of the accruing of the cause of action, but returned into the State within the statutory period next before the bringing of suit?

The provision of our statute in respect to limitations is: "If at the time when a cause of action accrues against any person, he shall be out of the State, the action may be commenced within the time herein limited therefor, after such person shall come into the State in such manner that by reasonable dilligence he may be served with process."

Assumpsit was the form of action in the Court below.

Samuel M. Felton, Samuel Harlan, Jr., and Jesse Lane were resident in the State at the time of the accruing of the cause of action.

Parker, the other joint contractor, and one of the defendants

was without the State, and continued without it until within three years of bringing the suit.

The contract being joint, and not joint and several, the cause of action was joint and not joint and several.

Reybold, the plaintiff in any suit he might bring on the joint contract was necessarily compelled to make the other joint contractors defendants therein; because if any of the joint contractors liable as defendants was omitted to be made such in the writ, those who were sued might avail themselves of this fact by a plea in abatement, it being the established law, as remarked by Lord Kenyon, Ch. J., in *Shepperd against Bailee,* "That the plaintiff must sue all the parties to the contract on which he brings his action," 6 Term, 329.

It is true that according to the usual practice in the Law Court in this State a plaintiff having brought a suit against all the persons liable upon a joint contract, and part only of them having been served with process and a return of *non est* made as to such as have not been served with process, may, if he chooses so to do, declare against those only upon whom process has been served, stating the return as to the others, and in such suit may recover judgment against those only upon whom process has been served, and who have appeared.

But what is the effect, of so proceeding?

The plaintiff can recover no judgment against any of the co-contractors not served with process and not declared against, but any judgment which he may recover in said suit against these served with process, and declared against will merge any right of action or right of demand against each and every co-contractor not served with process, and not declared against.

They will not be parties to any such judgment, and his right of action against such will be forever gone.

But is the plaintiff bound to pursue this course at his peril?

The judgment which he may recover in such suit may, or may not be wholly worthless.

He is bound to sue all who are liable to him, as joint contractors on the contract, and has a right to judgment against all if a right of judgment against any.

I do not think it can be seriously contended by any one that

35

had the plaintiff below sued Parker alone within three years after his return into this State judgment could have been rendered in favor of the plaintiff.

Parker could have pleaded in abatement the non-joinder of his co-contractors, and thus have defeated the suit.

If the plaintiff should have recovered judgment previously against Felton, Harlan and Lane, who had never been without the State, Parker could have pleaded that in bar in the suit against him severally, and thus have defeated the action, because the judgment against them would in law have merged the cause of action against him.

In the case of *Fannin v. Anderson*, 53 E. C. L., 811, it was decided that if a right of action accrue against several persons, one of which is beyond seas, the statute of limitations does not run till his return, though the others have never been absent."

This decision, it is true, was made under Statute 4, Anne C., 16, S. 19. But the principal rule must, I think, prevail in this case.

Lord Denman delivering the judgment in this case says: "The plaintiff cannot bring the absent defendants into court by any act of his, and therefor if he be compelled to sue those who are within the seas within six years without joining those who are absent, he may possibly recover against insolvent persons and lose his remedy against the solvent ones who are absent.

On the other hand, if he sues out a writ against all, and either continues it, without declaring, or proceeds to outlawry against the absent parties, and declares against those who are within seas, he is placed precisely in the same situation as if the statute of Anne had never passed, and obliged to incur fruitless expense, the avoiding of which seems to have been the object of this statute of Anne. That statute he says, " cannot have been passed in order to keep the plaintiffs remedy alive : for such object was easily obtained before the statute by suing out a writ and continuing it."

We think that the statute intended to render such a form un-necessary wherever by the reason of the absence beyond seas of any of the intended defendants, the plaintiff cannot have his *complete remedy* against all those who he is bound to sue, and whom he

would indeed be bound under risk of a plea in abatement to sue, if they were within the jurisdiction of the Courts of England.

By Sec. 8, Chap. 42 of the 3 and 4 of William IV, it was provided that "no plea in abatement for the non-joinder of any person as a co-defendant shall be allowed in any court of common law, unless it be stated in such plea, that such person is resident within the jurisdiction of the court, and unless the place of residence of such person shall be stated with convenient certainty in an affidavit, verifying such plea.

We have no such provision of law in this State. Here, a simple plea in abatement of the non-joinder of a co-contractor verified by affidavit would be sufficient without stating that such co-joined contractor is a resident within the jurisdiction of the Court.

The case of *Fannin v. Adderson* decided in 1845 was followed by *Towns et al. v. Meade* in which it was decided that under 4 Anne C. 16, S. 19. If a right of action accrue against several persons, one of whom is beyond seas, the statute of limitations does not run until his return or death, though the others have never been absent.

In this case Jervis, C. J., remarked, "That at the time of the passing of the statute of Anne it was well known that you could not *effectually sue* one of several joint contractors without joining the others."

The bare giving liberty to sue one who is abroad at the time the cause of action arises within six years after his return from abroad while it relieves you from the necessity of suing the absent party, indirectly takes away the operation of the statute of James, because you cannot give leave to a plaintiff to sue one of several joint contractors on his return from abroad unless you suspend the remedy against all at the same time; and if so the statute never runs at all.

The counsel for the defendants reminds us that the mode in which the English Parliament dealt with this subject shortly after the case of *Towns v. Meade*, demonstrates very clearly the opinion that that legislative body entertained of the policy and justice of the ruling in that case.

What did the Parliament of England do? They did not declare that the law had been wrongly decided, but they passed an

Act changing the law as it existed at the time *Town v. Meade* was decided, and this change appears 11 Sec., 19 and 20, Victoria, C., 7.

But those provisions have no existence in the State of Delaware, nor do similar provisions of law exist here.

It is believed that where decisions exist in the several American States differing from the principles decided in *Town v. Mead* and *Fannin v. Anderson*, those decisions have been made upon statutes passed since those decisions; but no similar statutes have been passed in this State.

In deciding this case which is one of first impression here, shall we follow the decisions in *Fannin v. Anderson* and *Town v. Meade*, or shall we adopt the doctrine laid down in the case of *Brown v. Delafield*, 1 Denio, 445.

If we had a statute in this State similar to the one which seems to have existed in New York, at the time *Brown v. Delafield* was decided we might very properly perhaps adopt the doctrine announced in that case.

That case decided, that in assumpsit against several debtors, it is no answer to a plea of the statute of limitations that one of them within six years from the accruing of the cause of action departed from the State, and continued absent until the commencement of the suit, and that all the persons liable upon a joint contract must depart from the State in order to arrest the running of the statute against the demand.

Beardsley, C. J., in that case said, "That here was the cause of action on a contract against two persons; one of whom departed from the State within the period of limitation, but the other continued to reside within it.

Such a case, he says, is not within the terms of the section, (2 Rev. Statutes, § 27.)

This language, he says, quoted in the words of the statute plainly refers to a cause of action against *one person alone*, and not where it exists against several persons jointly.

Again, he says, nor is it within the spirit.

Here one of the defendants remained within the State, and both might at any time have been sued under the act relating to

proceedings against joint debtors, and the plaintiff would thus have had judgment against both.

On the return of the absent defendant an action of debt might have been brought against him and his co-defendant therein on the judgment so recovered.

Surely we have no such provision of law in this State.

While therefore the case of *Brown v. Delafield* might be regarded as good law in New York, if there are no decisions in that State overruling it, as was said to be the case in *Denny v. Smith*, 18 N. Y., 567, it cannot be regarded as authority, or even persuasive here, because the conditions and statutes under which it was made have no existence here.

I do not consider it necessary to review other cases cited, either by the plaintiff or the defendants in error.

The points decided in *Fannin v. Anderson* and *Town v. Meade*, seem to be sound in principle.

The contract upon which the suit below was brought, being a joint contract and not a several contract, and the plaintiff below being entitled to a *complete remedy* against all the defendants, the principles ruled in these two cases must rule this case, unless there be something in our Acts of Assembly which excepts it from such ruling.

The counsel of the defendants seem to think they find such cause of exemption under the rules of construction of statutes Chapter 5 of the Revised Code; the second of which rules applicable as they suppose to this case is, " that every word importing the singular number only may extend to and embrace the plural number ; and every word importing the plural number only, may be applied and confined to the singular number, as well as the plural."

These rules the Legislature have declared, shall be observed in the construction of statutes, unless such construction would be inconsistent with the manifest intent of the Legislatue, or repugnant to the contest of the same statute."

I do not think that the rule of construction as thus prescribed by the Legislature, will aid the contention of the defendants in this cause.

It cannot be adopted in respect to this case because it would be in direct conflict with the right of the plaintiff as expressly pro-

vided in our Act of Limitations, which expressly provides that "if at the time when a cause of action accrues against any person, he shall be out of the State, the action may be commenced within the time herein limited therefor, after such person shall come into the State, in such manner that by reasonable diligence he may be served with process."

The action to which the plaintiff was entitled to, was a joint action, and not a several action against Samuel M. Felton, George A. Parker, Samuel Harlan, Jr., and Jesse Lane, as joint contractors, and not several contractors.

The action to which the plaintiff was entitled was against these four persons, and the action which was saved to him under the provision cited, was the same action which accrued to him during the absence of Parker from the State.

The statute does not pretend to save any other action than this joint action.

It does not give to him, nor profess to save to him any other action.

If after the return of Parker the plaintiff had brought any other action than the action against all the four contractors, he could not *effectually* have prosecuted it, by reason of the *non-joinder* of the other co-joint contractors with Parker.

Had the plaintiff sued Felton, Harlan and Lane without joining Parker as a defendant he would have been defeated by the interposition of a plea in abatement, and had he sued all the four and had a *non est* returned as to Parker, and declared against the other three, and recovered judgment, his cause of action against Parker would have been gone, because the claim against him would have merged in the judgment so recovered.

The provision of the Act even when considered in connection with the rule of construction before cited, cannot reasonably be intended as saving to the plaintiff the right of a separate action as against Parker.

We cannot, therefore, give such a construction to our Legislation upon the subject of limitations of actions, as to destroy a legal right of the plaintiff, and, therefore, in my opinion the Act of Limitations as pleaded in this cause is not a sufficient bar in law to the plaintiffs right of recovery in this action.

The judgment below is reversed.

HOUSTON, J.: When this case, the first of its kind in this State, came up for a hearing in the Court below, I was very much struck, as other judges often have been in similar cases with the singular fact then first learned in it by me that it was an action of assumpsit on a verbal contract between the plaintiff and the four joint defendants named in it which had not been commenced until some ten years had elapsed after the accruing of the cause of action, and that two of them who were men of large wealth had been residing ever since in this State and in this city, whilst the third one of them had been residing but comparatively a few miles beyond the limits of them, and during that time had repeatedly been in the State and in this city, and that the fourth one of them only, Mr. George A. Parker, had been residing out of the State, and as far from it only as the city of Boston in the State of Massachusetts, and had not been in this State in the mean time, nor until the commencement of the action against them all jointly. The primary limitation by the statute to such an action of assumpsit is three years simply, but thrice three years and more had stolen in silent slumber over what assumed now very much the aspect of a stale demand when so presented for the first time to my imperfect apprehension and surprise at the novelty of it. The replication to that plea was that the said George A. Parker, one of the said four joint defendants, when the said cause of action accrued against them was out of this State, and that the said action was commenced against them within three years after the said George A. Parker, the said defendant, first came into the State thereafter in such manner that by reasonable diligence he could be served with process, the secondary limitation of the statute therein referred to being in the following words :

"SEC. 14. If at the time when a cause of action accrues against any person, he shall be out of the State, the action may be commenced, within the time herein (before first) limited therefor, after such person shall come into the State in such manner that, by reasonable diligence, he may be served with process." *Rev. Code,* 730.

This being the first case of the kind that has ever arisen under this provision of our statute of limitations, and the striking hardship of its application to three out of the four defendants who

could have been served with process in the State at almost any time within that long period of ten years, at once gave rise to the grave and serious question presented in the demurrer, and ably and elaborately argued by the learned counsel on both sides, whether such a case as this is within the terms and the true meaning and intention of the saving contained in the fourteenth section of the statute as before stated. The words of the section, " if at the time when a cause of action accrues against *any person, he* shall be out of the State," &c., it was contended were not only in the singular number, but were intentionally so inserted and employed in it, and were not intended by the Legislature to be interpreted or understood in a plural sense, as equivalent to the terms " person or persons," or as intended to apply to any case in which there were two or more defendants parties to the cause of action, and one of them only was out of the State when it accrued. For with such a construction given to these words of the section, no such hardship could arise as characterizes this case, or any such gross inequality in the legal condition of the defendant as disfigures it; and therefore the Legislature could not have intended that the words here used should in any contingency have any other meaning than that which the *person* in the singular number plainly and naturally imports. By such a construction of it the court avoids any inherent inconsistency or contradiction in the application of the saving to this or any other similar case because it involves even an absolute absurdity to hold that it can apply to save the action as against three of the defendants who at any time after the accruing of the cause of it, could easily have been served with process in this State, while the sole ground, as given in the statute itself, for applying it to the other defendant is because he was out of the State when the cause of action accrued and did not come into it so that he could be served with process, until ten years afterwards when the action was commenced; and for that very reason the court was bound to consider and conclude that the Legislature did not intend that the saving should ever apply to such a case as this. *Capelle & Duncan v. Baker's Executrix*, 3 Houst., 344.

And such being the inclination of my mind on that point at the same time it occurred to me that under the long-established practice in the Superior Court of this State it was competent for

the plaintiff below at any time after the cause of action accrued, to commence the action against all the defendants jointly by having process issued and served on the three, two of whom were living in this State and the other frequently coming into it from his residence in Pennsylvania not many miles above the boundary line between the two States, and returned by the sheriff served personally on them, and *non est* as to the fourth defendant, Mr. Parker, who was out of the State and could not be served with it, and then with such a return of the writ, and the usual recital of it in the declaration as to the defendant who is returned *non est* and does not appear to it, to proceed in the prosecution of the action, as is the usual custom and practice in such cases in that court, against the other defendants to judgment and execution, if necessary, for the amount of it, leaving them after their payment of it to their legal remedy and redress against their absent co-defendant to enforce contribution of his just proportion of it. In such a case as this by the common law the plaintiff would have to proceed to outlawry against the absent defendant and complete the proceeding before he can recover judgment in the action against the other defendants who have been served with process and appeared to the action. But as it is conceded that the proceeding by outlawry at common law is wholly unknown in this State, I was inclined to think that the long established practice in the Superior Court of it, before referred to might have been adopted as a substitute for it, or for the purpose of enabling the plaintiff in such a case to proceed with the prosecution of the action to judgment against the defendants who had appeared to it, without the necessity of resorting to any process of outlawry against the defendant out of the State, and without taking any further notice whatever of him in the prosecution of it against the others who were the only parties defendant before the Court in the action. And if such had been the practice in the Courts of this State in such a case as this, then the plaintiff had been under no disability of suing all and recovering judgment against the defendants appearing to the action at any time since the accruing of the cause of it by adopting this method of prosecuting it against them only whilst their co-contractor was yet out of the State and the jurisdiction of the Court in the case, then my opinion was that the plaintiff's right of action in the case was barred by

the primary limitation of the statute, that is to say, after the expiration of three years from the accruing of the cause of action in it.

But I am now obliged to say that a further consideration of both of these points, and the more thorough argument of them in this court, my opinion has undergone a radical change upon each of them, and that I now think that as the contract sued on in this case was a verbal and joint contract merely between the plaintiff and the four defendants named in the action, and was not a joint and several contract between them, as it would have been under our statute, *Revised Code*, 357, *Sec.* 9, had it been reduced to writing in the same words, unless otherwise expressed in it, for such is the general rule of the common law, that when the action is upon a contract which is a joint contract only, and not joint and several, and there are several joint parties to it on the one side to be sued upon it, they must all, if still in being, be joined as defendants in the action, and it must not only be commenced, but it must be prosecuted against them all jointly and to a joint judgment against them in case of recovery, for there can be no action against them severally, or recovery of judgment against them severally, or against any one or more of them less than the whole number of them. There are some exceptions to this rule, as where one of the joint parties to the contract was a minor when he entered into it, and who by another well-known principle of the common law is only bound on contracts for necessaries furnished him, or has become a bankrupt since entering into it, and who by statute has been released from the legal obligation of his indebtedness upon all his contracts up to the time of his certificate of discharge in bankruptcy. But the general principle of the common law as before stated is certainly quite as rigid and inflexible as it is thus represented to be, and as under the operation of it the plaintiff, Mr. Reybold, could not maintain an action upon the contract against one or more of the defendants, but was compelled by it to sue them all jointly and to recover against them all jointly, or to recover against none of them, and he therefore could not be bound to commence his action against them after the accruing of the cause of it, until the joint process in it with which he had to commence it against them all jointly, had been served upon each and all of them in the State, for the design of the

Act of Limitations is to bar such actions only as the party plaintiff has a legal right to effectually maintain and prosecute to recovery of judgment against·the party defendant in any case. It was, therefore, wholly unnecessary to provide by statute for the limitation and bar of any action commenced without a legal right to effectually maintain it.

I had also become convinced in the meantime that no such practice as before stated could have obtained in the Court below in such a case as this to warrant a recovery of judgment against three of the defendants who could have been promptly served with process after the cause of action accrued, without service of it on the other and fourth defendant who was then out of the State and was out of it until some ten years afterwards, in the mode suggested in my opinion in the Court below; and having no statutory provision whatever in this State, such as several of the other States have, to meet such a case involved in such a striking, and to the Court, such an embarrassing contingency as this proved to be, I have since the argument of the case in this Court only been the more convinced, and particularly by the rulings of the Court of Queen's Bench in the case of *Hannin v. Anderson*, 7 Ad. & Ell., 811 (opinion by Denman, C. J.), and *Town v. Mead*, 16 Com. B., 123, that I should renounce the opinion which I then entertained and expressed on that point in the case.

But as to the other point in the case I was not prepared to hold upon the argument of it in the Court below, that the words "any person" contained in the section and saving in question should be read and understood in the singular number only according to the plain and natural meaning of the word "person" in the singular number, and in this case, should be so construed by the Court, and as not applicable to it in the meaning and intention of the Legislature when it was enacted, because it was against four persons, but one of whom was out of the State and beyond the reach of the process of the Court when the cause of action accrued. There are but few questions more perplexing than to solve the meaning of one or more words in a statute in regard to a particular case, if there be in the apprehension of the Court any room for doubt or dispute over it by any of the rules of construction which have been laid down in the books for that purpose; but when the Legislature

itself has by a statute laid down a rule defining the meaning and import of any such word or words occurring in a statute, it is of paramount weight and authority, and should dispose of the question. Among the rules for the construction of statutes enacted by the Legislature, the second is as follows: " Every word importing the singular number only, may extend to and embrace the plural number; and every word importing the plural number only, may be applied and confined to the singular number, as well as the plural," &c. Whilst the tenth rule is in these words: " The word ' person ' may extend to and include bodies politic and corporate, as well as individuals." *Rev. Code*, 24, 25. And which in that Court I considered solved the question of the construction to be given to the words " any person " in the 14th section of the act of limitations in favor of the contention of the plaintiff in that Court, and I think so still. And I therefore concur in the opinion of this Court that the judgment in the Court below in this case should be reversed.